**FERRY–MORSE SEED CO. v. CORLEY,**
Commissioner of Agriculture et al.
**Civ. No. 940.**

United States District Court
S. D. Mississippi, Jackson Division.
Apr. 2, 1946.

Thomas H. Watkins, and Watkins & Eager, all of Jackson, Miss., for plaintiff.

Greek L. Rice, Atty. Gen. of the State of Mississippi, W. B. Fontaine, Asst. Atty. Gen. of the State of Mississippi, for defendants.

Before HOLMES, Circuit Judge, and MIZE and PORTERIE, District Judges.

PER CURIAM.

This day this cause came on to be heard on the application of the plaintiff, Ferry-Morse Seed Company, for the issuance of an interlocutory injunction, defendants' motion to dismiss Complaint and stipulation of parties for final decree on the record, and the Court finds the facts to be as follows:

Finding of Facts.

That the plaintiff, Ferry-Morse Seed Company, is a corporation domiciled in the City of Detroit, in the State of Michigan, and is engaged in the production, acquisition and sale of all kinds of seeds; that the defendant, S. E. Corley, is the duly elected and qualified Commissioner of Agriculture of the State of Mississippi and as such is charged with the duty of enforcing Chapter 245 of the Mississippi Laws of 1944; that the defendant, Greek L. Rice, is the duly elected and qualified Attorney General of the State of Mississippi as provided in Chapter 1 of Title 17 of the Mississippi Code of 1942, as amended, charged with the duties therein defined; and that the defendant, Thomas L. Bailey, is the duly elected and qualified Governor of the State of Mississippi as provided in Chapter 8 of Title 17 of the Mississippi Code of 1942, as amended, charged with the duties therein defined.

That the sole activities of the plaintiff in the State of Mississippi during the years mentioned consisted of the solicitation of orders for outright sale of all kinds of seeds to various retail merchants and dealers throughout the State of Mississippi, said seed having been sold under repurchase agreements disclosed in the record in the case. That the traveling representative of the plaintiff solicited orders in the State of Mississippi from merchants and dealers in the State, which orders were signed upon blanks shown in the record. That all such orders were taken subject to acceptance or rejection by the plaintiff and if accepted, the seed ordered would be shipped in interstate commerce into the State of Mississippi to the merchant purchasing the same. That the plaintiff did not enter into any contract in the state of Mississippi, providing for sale and delivery of seed other than in the manner above stated and that said contracts of sale and repurchases embodied the entire agreement between the plaintiff and its customers. That under and by virtue of said contracts, title to said seed with full and complete right of dominion passed to the purchasers and each of them, free from any control on the part of the plaintiff. That the purchasers thereof and each of them had the right to make any disposition of said seed which they saw fit, to sell the same at any price, place, terms, or conditions that they saw fit and that the plaintiff was only obligated to repurchase from its respective customers any of said seed remaining on hand in good condition in accordance with the provisions of the contract.

That the defendants are insisting that plaintiff comply with Chapter 245 of the Mississippi Laws of 1944, and on or about March 18, 1946, threatened to seize all seed shipped into the State by plaintiff on the sole ground that plaintiff had not complied with Chapter 245 of the Mississippi Laws of 1944 and particularly § 2 thereof; that the plaintiff has consistently refused to recognize any application of Chapter 245 of the Mississippi Laws of 1944 and particularly § 2 thereof to its interstate business conducted as aforesaid and has refused and declined to comply therewith; that the plaintiff has established a valuable good will among merchants and dealers of the State of Mississippi which will be substantially destroyed if the defendants seize all seed purchased by Mississippi merchants from plaintiff; that all shipments made by

plaintiff constitute shipments in interstate commerce, and the plaintiff is not doing business within the State of Mississippi.

## Conclusions of Law.

The Court being of the opinion that all shipments of seed into the State of Mississippi by plaintiff constitute shipments in interstate commerce within the meaning of the Federal Seed Act of August 9, 1939, 53 Stat. 1275, 7 U.S.C.A. §§ 1551–1610 and the rules and regulations promulgated by the Secretary of Agriculture for the enforcement thereof; Ferry-Morse Seed Company et al. v. Carl Craig, State Tax Collector of the State of Mississippi,[1] decided April 8, 1941, Civil Action No. 202; D. M. Ferry & Co. v. Hall, Tax Collector, 188 Ala. 178, 66 So. 104, L.R.A.1917B, 620; Soden & Co. v. Wilkinson & Son, 135 Miss. 665, 100 So. 182; Watson v. J. R. Watkins & Company, 188 Miss. 435, 193 So. 913; Lee v. Memphis Publishing Company, 195 Miss. 264, 14 So.2d 351, 152 A.L.R. 1428; and the Court being of the opinion that the said Mississippi Pure Seed Act, as applied to the interstate business conducted by the plaintiff, constitutes an unlawful burden on interstate commerce and discriminates against interstate commerce; Lemke v. Farmers' Grain Company, 258 U.S. 50, 42 S.Ct. 244, 66 L.Ed. 458; Shafer v. Farmers' Grain Company, 268 U.S. 189, 45 S.Ct. 481, 69 L.Ed. 909; Grandin Farmers' Coop Elevator Company v. Langer, Governor et al., D.C.N.D., 5 F.Supp. 425, affirmed 292 U.S. 605, 54 S.Ct. 772, 78 L.Ed. 1467; Southern Pacific Company v. State of Arizona, 325 U.S. 761, 65 S.Ct. 1515, 89 L.Ed. 1915; and the Court being of the opinion that the defendants are not authorized to attempt to enforce said Act against the plaintiff and that the plaintiff does not have any plain, speedy, adequate or sufficient remedy at law, but on the other hand, if required to appear and defend each seizure of seed by the defendants, the plaintiff would be subjected to a multiplicity of suits with the consequent expense, burden and inconvenience thereof, and the Court is of the opinion that the plaintiff is entitled to the relief prayed for.

## Decree.

It is, therefore, ordered, adjudged and decreed by the Court that the plaintiff is not subject to Chapter 245 of the Mississippi Laws of 1944, and that the attempted enforcement of said Act sought to be made by the defendants against the plaintiff is a wrongful invasion of the rights of the plaintiff; and it is ordered, adjudged and decreed by the Court that the application of the plaintiff for an interlocutory and permanent injuction against the enforcement of Chapter 245 of the Mississippi Laws of 1944 against it be and is hereby sustained and that S. E. Corley, Commissioner of Agriculture of the State of Mississippi, Greek L. Rice, Attorney General of the State of Mississippi and Thomas L. Bailey, Governor of the State of Mississippi, and the agents, servants, deputies, attorneys and assistants of each of said defendants are enjoined and restrained from proceeding in any manner directly or indirectly to enforce Chapter 245 of the Mississippi Laws of 1944 against the interstate business of the plaintiff and from the seizure of any seed purchased by Mississippi merchants and dealers from the plaintiff and shipped into the State of Mississippi by the plaintiff on the sole ground that plaintiff has not complied with Chapter 245 of the Mississippi Laws of 1944.

Ordered, Adjudged and Decreed, this 2nd day of April, 1946.

---

1. No opinion for publication.